**CREO PRODUCTS INC., Plaintiff,**

v.

**PRESSTEK, INC., Defendant.**

**Presstek, Inc., Counterclaim Plaintiff,**

v.

**Creo Products, Inc., Counterclaim Defendant.**

**No. 99–525–GMS.**

United States District Court, D. Delaware.

June 20, 2001.

Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Plaintiff.

Steven K. Kortanek, David S. Eagle, Klehr, Harrison, Harvey, Branzburg & Ellers, Wilmington, DE, for Defendant.

### ORDER

SLEET, District Judge.

On June 1, 2001, the court conducted a pretrial conference in this declaratory judgment action. A bench trial in this matter is presently scheduled to commence on June 25, 2001. At the pretrial conference, the plaintiff, Creo Products, Inc. ("Creo"), objected to the proposed assertion by the defendant, Presstek, Inc. ("Presstek"), that activity by Creo infringes claims 12 and 24 (the "new claims") of Presstek's United States Patent No. 5,174,205 ("the '205 patent").[1] The court heard brief oral argument and allowed the parties to stipulate to an abbreviated letter briefing schedule for a motion in limine, *nunc pro tunc*. Upon considering the arguments raised at the pretrial conference and in the parties' letter briefs (D.I.153–56), the court will grant Creo's motion in limine. Presstek may not assert the new claims in the instant action. The court bases its ruling on the following reasons, among others.

■ First, Presstek waited until May 2, 2001 to assert infringement of the new claims. Presstek is essentially seeking to amend its counterclaim. The deadline for such amendment is well past. Presstek's excuse that Creo's delay in providing discovery meant it could not identify the new claims lacks merit since (1) Presstek was free to file a motion to compel if it believed Creo's actions were preventing it from prosecuting its case, (2) as of late January, 2001, Presstek had the information necessary to assert infringement of the new claims,[2] and (3) despite any prior communication between the parties on this issue,[3] the court heard nothing of the issue or Presstek's rationale for including the new claims until the pretrial conference. Even considering the liberal policy of Federal Rule of Civil Procedure 15(a), the court cannot countenance such delay.

■ Second, Presstek's argument that Creo does not need to conduct additional discovery is unpersuasive. It is not for Presstek to dictate to Creo how to discover its case and prepare for trial. Although Presstek may ultimately be correct that Creo's prior art search and additional discovery may not prove useful, the court will not force Creo to conduct accelerated discovery mere weeks from trial. Furthermore, Presstek's arguments regarding the lack of prejudice ignore the court's interest in these proceedings. Much like Creo, the court was surprised by Presstek's assertions of the new claims at the pretrial conference. At this late stage of the proceedings, the court believes it will be prejudiced by adding the new claims. At minimum, it has either to construe additional limitations in the new claims or must hear testimony and/or argument as to why such additional construction is not required.

---

1. Presstek included the new claims in its part of the pretrial order (D.I.146).

2. Presstek's response that it could not determine whether it intended to assert the new claims until it deposed Creo's expert, John Kelly, does not make sense. As Creo correctly notes, Presstek relies on Kelly's rebuttal expert report as a basis for asserting the new claims rather than explaining why the earlier report of its expert failed to explicitly address the basis of the alleged infringement of the new claims.

3. In its letter brief, Presstek states that on May 2, 2001, it notified Creo of its intention to assert the new claims in this case. Presstek, however, waited approximately one month later to discuss the new claims with the court at the pretrial conference. Moreover, it was Creo, not Presstek, who raised the dispute over the new claims with the court.

Anything less ignores the court's duty to construe patent claims under *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995).

Third, the court does not understand how or why Presstek would be prejudiced by being precluded from asserting the new claims. As Creo correctly notes, a determination that claims 11 and 23 of the '205 patent are infringed is enough to establish liability. If the court finds that the accused product infringes claims 11 and 23, it need not proceed to determining infringement of the new claims; doing so may result in an advisory opinion. If, however, the court finds that the accused product does not infringe claims 11 and 23, then the new claims cannot be infringed. *Cf. Creo Products, Inc. v. Presstek, Inc.,* Civ. A.No. 99–525–GMS, 2001 WL 637397, at *6 & n. 12 ( D.Del. May 11, 2001) (stating "[s]ince dependent claims contain all the limitations of independent claims (plus others), if the court finds the accused product does not infringe [independent] claims . . . then it is must follow that the accused product does not infringe [dependent] claims . . . .") (citations omitted).

Therefore, IT IS HEREBY ORDERED that:

1. Creo's motion in limine (D.I.153) is GRANTED.

2. Presstek may not assert infringement of claims 12 and 24 of the '205 patent.